

# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 6, 1959

Honorable J. O. Duncan
District-County Attorney
Upshur County
Gilmer, Texas

Opinion No. WW-659

Re: Questions relating to
the title and use of
land transferred and
conveyed to the County
of Upshur by House Bill
862 of the 56th Legis-
lature.

Dear Mr. Duncan:

In a recent opinion request of this office you
write concerning the status of 81 acres of land conveyed
to Upshur County by House Bill 862, Acts, 56th Legisla-
ture, R.S., 1959. Specifically you ask:

"1. Does Upshur County hold title to the
81 acres in question?

"2. Does such title carry with it the
right to lease said land for oil and gas pur-
poses?"

It is too well settled to cite authority that
county business affairs are run by the Commissioners Court
and that said Commissioners Court is a court of limited
jurisdiction. In the instant situation Article 5421p,
Vernon's Civil Statutes, provides authority for the Commis-
sioners Court to execute mineral leases on any and all
land which may be owned by a county. Article 5421p reads
in part as follows:

"Section 1. Political subdivisions which
are bodies corporate with recognized and de-
fined areas, are hereby authorized to lease for
mineral development purposes any and all lands
which may be owned by any such political sub-
division.

"Sec. 2. The right to lease such land shall be exercised by the governing board, the commission or commissioners of such political subdivision which are by law constituted with the management, control, and supervision of such subdivision, and when in the discretion of such governing body they shall determine that it is advisable to make a lease of any such lands belonging to such district or subdivision, such governing body shall give notice of its intention. . .

"Sec. 3. The fact that political subdivisons of the State <u>have lands owned, held, and used for public purposes but which purposes will not be hindered or interfered with by the development of said land for mineral purposes,</u> and that some of said lands have the possibilities of mineral therein and that development of said lands for mineral purposes is necessary in order to conserve said mineral estate and prevent the loss thereof, create an emergency and an imperative public necessity. . ." (Emphasis added.)

From the foregoing quote it is evident that a county has authority to lease for mineral development lands which it owns in fee and which are devoted to a public purpose.

The 81 acres of land about which you ask were acquired by Upshur County under the provisions of House Bill No. 862. House Bill No. 862 reads as follows:

"AN ACT providing for the transfer of title to certain lands from the State of Texas now under the jurisdiction and control of the Texas Youth Council, to the County of Upshur, aggregating 81 acres of land, more or less, including buildings, structures, improvements, and appurtenances, and being a part of the original tract of land composing the Dickson Colored Orphanage, for the purpose oi a public park; repealing all laws and parts of laws in conflict herewith; providing a saving clause, and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. The title to and control of that certain tract of land aggregating 81 acres, more

or less, owned by the State of Texas and now under the jurisdiction and control of the Texas Youth Council, including buildings, structures, improvements, and appurtenances, and being known as a part of the original tract of land composing the Dickson Colored Orphanage, in the County of Upshur, near the town of Gilmer, Texas, are hereby transferred and conveyed to the County of Upshur for the creation, establishment and development of the Upshur County Park and Recreational Center.

"Sec. 2. All laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict.

"Sec. 3. If any section, subsection, sentence or clause or phrase of this Act shall be held unconstitutional for any reason, such facts shall not effect the remaining portions hereof.

"Sec. 4. The need of the transfer of the land described in this Act to the County of Upshur in order to facilitate its program of the development of its parks and recreational program, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended; and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

We feel that House Bill 862 is too clear to require construction. Title to the property in question to the extent of the State's interest therein is transferred or conveyed by the State to the County. However, the State Legislature has imposed upon Upshur County the Duty to commit the use of this land to the development of Upshur County park and recreational center. By the provisions of Article 5421p, counties are authorized to lease for mineral development lands which they hold in fee and are devoted to public purposes, where such public purposes will not be hindered or interfered with by the development of said lands for minerals. The underlined quote from the emergency clause of Article 5421p clearly establishes this point. Therefore, we answer your first inquiry, "yes", Upshur County does hold title to the 81 acres of land described in House Bill 862.

In answer to your second question, Upshur County has the right to lease the 81 acres of land for oil and gas

purposes so long as the use of this land for park purposes is not hindered or interfered with by the development of said land for minerals.

We do not here pose upon any question involving the disposition or use of the proceeds from the minerals.

## SUMMARY

Upshur County holds title to 81 acres of land conveyed by House Bill 862, Acts, 56th Legislature, R.S., 1959. Upshur County has the right to lease said land for oil and gas purposes so long as the use of the land for park purposes is not hindered or interfered with by the development of said land for minerals.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Milton Richardson*
Assistant

MR:ljb

APPROVED:
Opinion Committee

L. P. Lollar, Chairman

Watson Arnold

Grundy Williams

Jay Howell

Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL
By
        W. V. Geppert